**Kirk V. DAVIS, Plaintiff–Appellee,**

**v.**

**Gregory JONES, Glenn Runge, and John Theis, Defendants–Appellants.**

**No. 90–2336.**

United States Court of Appeals, Seventh Circuit.

Oct. 23, 1991.

Francis D. Morrissey, Michael A. Pollard (argued), Norman J. Barry, Jr., Baker & McKenzie, Chicago, Ill., for plaintiff-appellee.

William W. Kurnik, Thomas J. Platt, Kurnick, Cipolla, Stephenson, Barasha & O'Dell, Arlington Heights, Ill., Hope F. Keefe, Robert J. Leoni (argued), Brunswick, Keefe & Deer, Blue Island, Ill., for defendants-appellants.

Before BAUER, Chief Judge, EASTERBROOK, Circuit Judge, and FAIRCHILD, Senior Circuit Judge.

### ON PETITION FOR REHEARING

Plaintiff–Appellee filed a petition for rehearing and suggestion of rehearing en banc on July 25, 1991. A judge in active service called for a vote on the suggestion of rehearing en banc, which failed to obtain a majority. Judges Cudahy and Ripple voted for rehearing en banc. A majority of the judges on the panel have voted to deny rehearing. Judge Fairchild voted to grant rehearing. The petition for rehearing is therefore DENIED.

RIPPLE, Circuit Judge, dissenting from the denial of rehearing en banc.

I respectfully suggest that this case warrants en banc review. While the panel opinion ostensibly leaves in place *Matzker v. Herr*, 748 F.2d 1142, 1147 (7th Cir.1984), and articulates a continued adherence to reliance on objective standards of official conduct, it undermines both principles. The case creates significant ambiguity as to when a district court ought to send a case of this type to the jury and suggests that the usual criteria governing that decision ought not control.

The district court asked the jury to focus on what a reasonable police officer ought to have done at the time it was appropriate to decide whether the arrested person needed professional medical care. That approach was consonant with *Matzker*. In reviewing this decision, however, this court

contradicts itself by articulating the *Matzker* standard and then failing to apply it. Read as a whole, the panel opinion instructs district courts to both (1) judge from the perspective of a reasonable police officer at the time of the arrest, and (2) take into consideration whether or not later examination by a physician reveals that the injury was as serious as it appeared at the time of the arrest. The panel opinion further suggests that, if the physician's later examination reveals that the injury was not as serious as it appeared at the time of the arrest, the district court need not submit the matter to a jury.

The opinion also suggests artificial limitations on the evidence that ought to be considered in determining whether the officers' actions were objectively reasonable. If a police officer knows that the arrested person's head injury was caused by a police officer striking the arrested person with a solid object and then slamming the head into the hood of a vehicle, and, if the police officer also knows that those actions resulted in profuse bleeding, most would expect that this knowledge would be a factor in the police officer's decision of whether to order a medical evaluation. Why should a jury not be entitled to consider the police officer's knowledge of the *source* of the injury as well as the officer's knowledge of the apparent *severity* of the injury?